# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**RAY DONOVAN NEVELS,**

    **Plaintiff,**

**vs.**                                             Case No. 4:17cv476-MW-CAS

**DEBRA JOHNES-RIVA, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

The pro se Plaintiff has filed a third amended complaint, ECF No. 19, against five Defendants. Two of the Defendants are state circuit court judges, one is a clerk of court, one is a sheriff, and the final Defendant is a prison warden. Plaintiff's allegations are far from clear, and this version of the complaint lacks clarity as to when the events at issue took place. What is clear, however, is that Plaintiff is attempting to use this civil rights action to seek "immediate emergency release" from incarceration and "to be made whole." ECF No. 19 at 11.

First, the absolute immunity of a defendant is one of a number of grounds which justifies dismissal of this case. Clark v. Ga. State Pardons

and Parole Bd., 915 F.2d 636, 640 n.2 (11th Cir. 1990). When a judge acts in his or her judicial capacity, the judge is entitled to absolute immunity from liability for damages under § 1983 unless the judge's actions were in the "clear absence of all jurisdiction." Stump v. Sparkman, 435 U.S. 349, 355-357, 98 S.Ct. 1099, 1104-05, 55 L. Ed.2d 331 (1978). Here, the state court Defendants dealt with Plaintiff in their judicial capacities in cases before them. The state court Defendants entered rulings in Plaintiff's prior criminal proceedings which Plaintiff now challenges. Thus, the judges have absolute immunity from monetary damages as established in Stump v. Sparkman. *See* Simmons v. Conger, 86 F.3d 1080, 1084-85 (11th Cir. 1996) (citing Stump).

Second, as Plaintiff has already been advised, a civil rights case cannot be used to seek release from prison or detention. A civil plaintiff may not seek monetary damages or injunctive relief which would collaterally undermine a criminal conviction or sentence. Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841, 36 L. Ed. 2d 439 (1973) (prohibiting injunctive relief which would result in speedier or immediate release from a term of imprisonment); Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994) (barring a claim

for monetary damages related to a conviction or sentence until the plaintiff can show that the conviction or sentence has been invalidated). "In Heck v. Humphrey, 512 U.S. 477, 487, 114 S.Ct. 2364, 2372–73, 129 L.Ed.2d 383 (1994), the Supreme Court 'held that a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated." Edwards v. Balisok, 520 U.S. 641, 643, 117 S.Ct. 1584, 1586, 137 L.Ed.2d 906 (1997) (quoted in Harden v. Pataki, 320 F.3d 1289, 1291 (11th Cir. 2003)). Put another way, "a state prisoner may not maintain an action under 42 U.S.C. § 1983 if the direct or indirect effect of granting relief would be to invalidate the state sentence he is serving." Spencer v. Kemna, 523 U.S. 1, 21, 118 S.Ct. 978, 990, 140 L.Ed.2d 43 (1998) (quoted in Pataki, 320 F.3d at 1295). Despite the confusing allegations presented, Plaintiff's third amended complaint reveals that Plaintiff was convicted and sentenced. ECF No. 19 at 9. He has had no relief through the filing of a habeas petition or a motion to correct illegal sentence. *Id.* at 9-11. He specifically requests release from prison as relief in this case. Thus, Plaintiff's conviction has "not been reversed on direct

appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Pataki, 320 F.3d at 1294 (quoting Heck, 512 U.S. at 486-87, 114 S.Ct. at 2372). Accordingly, Plaintiff cannot meet the "favorable termination requirement" for bringing this § 1983 action and this case should be dismissed as barred by Heck.

It is respectfully **RECOMMENDED** that Plaintiff's third amended complaint, ECF No. 19, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on October 2, 2018.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 4:17cv476-MW-CAS

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**